# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| BRETT STALLINGS, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>ANTERO RESOURCES CORP. | CASE NO: 1:17-cv-1939<br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Plaintiff Brett (Kirk) Stallings ("Stallings") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Antero Resources Corporation ("Antero").

2.  Stallings and the other workers like him were regularly worked for Antero in excess of 40 hours each week.

3.  But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4.  Instead of paying overtime as required by the FLSA, Antero paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Antero is headquartered in this District and Division.

## THE PARTIES

7. Stallings worked exclusively for Antero as both a Solids Control Operator and a Pipeline Inspector from approximately January 2014 until October 2015. Throughout his employment with Antero, he was paid a day-rate with no overtime compensation and was classified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

8. Stallings brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Antero's day-rate system. Antero paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Putative Class Members") consists of:

> **Current and former oilfield personnel employed by, or working on behalf of, Antero Resources Corp., during the past three years who were classified as independent contractors and paid a day-rate.[1]**

9. Antero is a Colorado corporation doing business throughout the United States. Antero may be served by serving its registered agent for service of process: **The Corporation Company, 7700 E Arapahoe Rd., Suite 220, Centennial, CO 80112-1268**.

## COVERAGE UNDER THE FLSA

10. For at least the past three years, Antero has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. For at least the past three years, Antero has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

---

[1] Drilling Consultants who worked for, or on behalf of Antero, during the past three years who were classified as independent contractors and paid a day-rate are specifically excluded from the scope of the class in this Action, as they are the subject of another FLSA collective action for unpaid overtime currently pending in this District. *See Scott v. Antero Resources Corp.*, Civ. A. No. 1:17-cv-00693-WJM-CBS (D. Colo. 2017).

12. For at least the past three years, Antero has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. For at least the past three years, Stallings and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14. Antero treated Stallings and the Putative Class Members as employees and uniformly dictated the pay practices to which Stallings and its other employees (including its so-called "independent contractors") were subjected.

15. Antero's misclassification of Stallings as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

## FACTS

16. Antero is an oil and natural gas exploration and production company operating worldwide and throughout the United States. To complete their business objectives, Antero hires personnel to perform the necessary work.

17. Many of these individuals worked for Antero as "independent contractors" on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. For instance, Antero classified all of its Solids Control Operators and Pipeline Inspectors as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that

they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

18. For example, Stallings worked exclusively for Antero from approximately January 2014 until October 2015 as both a Solids Control Operator and a Pipeline Inspector. Throughout his employment with Antero, he was classified as an independent contractor and paid on a day-rate basis. Stallings was never paid on a salary basis. He never received any guaranteed weekly compensation from Antero irrespective of days worked (i.e., the only compensation he received was the day-rate for each day that he actually worked).

19. As both a Solids Control Operator and Pipeline Inspector, Stallings primary job duties (and the job duties of all other Solids Control Operators and Pipeline Inspectors employed by Antero who were classified as independent contractors and paid a day-rate) included performing manual labor in the oilfield, operating oilfield equipment, and reporting daily activities to Antero supervisors. The day-to-day activities of the Putative Class Members were conducted within designated parameters.

20. Scott worked well in excess of 40 hours each week while employed by Antero.

21. The work Stallings performed was an essential party of Antero's core business.

22. During Stallings' employment with Antero while he was classified as an independent contractor, Antero exercised control over all aspects of his job. Antero did not require any substantial investment by Stallings for him to perform the work required of him.

23. Stallings was not required to possess any unique or specialized skillset (other than that maintained by all other Solids Control Operators and Pipeline Inspectors) to perform his job duties.

24. Antero determined Stallings' opportunity for profit and loss.

25. Indeed, Antero controlled all the significant or meaningful aspects of the job duties performed by Stallings.

26. Antero ordered the hours and locations Stallings worked, tools used, and rates of pay received.

27. Antero controlled all aspects of Stallings' job activities by enforcing mandatory compliance with Antero's policies and procedures.

28. No real investment was required of Stallings to perform his job. More often than not, Stallings utilized equipment provided by Antero to perform his job duties.

29. Stallings did not provide the equipment he worked with on a daily basis.

30. Antero made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Stallings worked.

31. Stallings did not incur operating expenses like rent, payroll and marketing.

32. Stallings was economically dependent on Antero during his employment.

33. Antero set Stallings' rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Antero.

34. Antero directly determined Stallings' opportunity for profit and loss. Stallings' earning opportunity was based on the number of days Antero scheduled him to work.

35. Very little skill, training, or initiative was required of Stallings to perform his job duties.

36. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Antero.

37. Virtually every job function was pre-determined by Antero, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

38. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

39. The Putative Class Members did not have any supervisory or management duties.

40. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

41. Stallings performed routine manual and technical labor duties that were largely dictated by Antero.

42. Stallings worked exclusively for Antero from approximately January 2014 until October 2015 as an independent contractor.

43. Stallings was not employed by Antero on a project-by-project basis.

44. In fact, while Stallings was classified as an independent contractor, he was regularly on call for Antero and was expected to drop everything and work whenever needed.

45. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

46. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts, for weeks at a time. Instead of paying them overtime, Antero paid the Putative Class Members a day-rate. Antero denied the Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

47.     Antero's policy of failing to pay its independent contractors, including Stallings, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

48.     It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

49.     Because Stallings (and Antero's other independent contractors) was misclassified as an independent contractor by Antero, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

50.     Antero's day-rate system violates the FLSA because Stallings and the other Drilling Consultants did not receive any pay for hours worked over 40 hours each week.

### FLSA VIOLATIONS

51.     As set forth herein, Antero has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

52.     Antero knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Antero's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

53.     Accordingly, Stallings and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

54. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Stallings and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

55. From his observations and discussions with these employees, Stallings is aware that the illegal practices or policies of Antero have been imposed on the Putative Class Members.

56. The Putative Class Members all were classified as independent contractors, received a day-rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Antero's unlawful compensation practices and are similarly situated to Stallings in terms of relevant job duties, pay provisions, and employment practices.

57. Antero's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Stallings' experiences are typical of the experiences of the Putative Class Members.

58. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

59. Stallings demands a trial by jury.

## **RELIEF SOUGHT**

60. WHEREFORE, Stallings prays for judgment against Antero as follows:

   (a) For an order allowing this action to proceed as a collective action and directing notice to the class;

   (b) For an order pursuant to Section 16(b) of the FLSA finding Antero liable for unpaid back wages, and an equal amount of liquidated damages, due to Stallings and the class members;

   (c) For an order awarding Stallings and the class members the costs of this action;

   (d) For an order awarding Stallings and the class members their attorneys' fees;

   (e) For an order awarding Stallings and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

   (f) For an order awarding Stallings and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
Texas State Bar No. 24078444
adunlap@mybackwages.com
Lindsay R. Itkin
Texas State Bar No. 24068647
litkin@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

-and-

>Richard J. (Rex) Burch
>Texas Bar No. 24001807
>rburch@brucknerburch.com
>**BRUCKNER BURCH, P.L.L.C.**
>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046
>713-877-8788 – Telephone
>713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**