IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRETT STALLINGS, Individually and on Behalf of All Others Similarly Situated § § § § § § | CASE NO: 1:17-cv-01939 COLLECTIVE ACTION (29 U.S.C. § 216(b)) |
| v. | |
| ANTERO RESOURCES CORP. | |

**DEFENDANT ANTERO RESOURCES CORPORATION'S
ANSWER TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Defendant Antero Resources Corporation ("Defendant") files this Answer to the Collective Action Complaint (the "Complaint") filed by Plaintiff Brett Stallings ("Plaintiff") and respectfully states as follows:

**ANSWER**

**I. Summary**

1. Defendant acknowledges the nature of Plaintiff's lawsuit but denies that it has violated the FLSA, or any other law, and denies that Plaintiff has any right to recover on the claims asserted or that this lawsuit is appropriately brought as a collective action.

2. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 2 and, therefore, denies the allegations.

3. Defendant admits that it did not pay Plaintiff overtime though it denies Plaintiff was entitled to overtime. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 3 and, therefore, denies the allegations.

4. Defendant acknowledges the nature of Plaintiff's suit. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 4 and, therefore, denies the allegations.

## II. Jurisdiction and Venue

5. Defendant admits the allegation of Paragraph 5 of the Complaint.

6. Defendant admits the allegation of Paragraph 6 of the Complaint.

## III. The Parties

7. Defendant admits that it engaged Plaintiff as an independent contractor to perform work as a pipeline inspector. Defendant denies that it employed Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 7 of the Complaint and, therefore, denies the allegations.

8. Defendant acknowledges that this suit is a putative collective action but denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies that it does business throughout the United States. Defendant admits the remaining allegations contained in Paragraph 9 of the Complaint.

## IV. Coverage Under the FLSA

10. Defendant admits the allegations of Paragraph 10 of the Complaint except to the extent the specified time frame of "at least" three years is vague and, therefore, Defendant can neither admit nor deny this allegation; Defendant further clarifies that it was not an employer of Plaintiff within the meaning of the FLSA.

11. Defendant admits the allegations of Paragraph 11 of the Complaint except to the extent the specified time frame of "at least" three years is vague and, therefore, Defendant can neither admit nor deny this allegation.

12. Defendant admits the allegations of Paragraph 12 of the Complaint except to the extent the specified time frame of "at least" three years is vague and, therefore, Defendant can neither admit nor deny this allegation; Defendant further clarifies that it was not an employer of

Plaintiff within the meaning of the FLSA.

13. Defendant admits the allegations of Paragraph 13 of the Complaint as they pertain to Plaintiff except to the extent the specified time frame of "at least" three years is vague and, therefore, Defendant can neither admit nor deny this allegation. Defendant denies the allegations of Paragraph 13 of the Complaint regarding the Putative Class Members.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

## V.  Facts

16. Defendant denies that it operated "worldwide" and "throughout the United States." Defendant admits that it hires personnel to perform work, but clarifies that it also engages independent contractors to perform work and provide services in connection with its operations. Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17. Defendant lacks sufficient information to admit or deny Plaintiff's allegations regarding the vague and undefined terms and phrases, including "many of these individuals" and "pay practices," and therefore denies the allegations. Defendant admits it has engaged independent contractors to perform services as solids control operators and pipeline inspectors. Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18. Defendant denies that it employed Plaintiff. Defendant admits that Plaintiff was engaged as an independent contractor to perform work as a pipeline inspector and that the compensation for his services was in the form of a rate per day and not a salary. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 18 of the Complaint.

19. Defendant lacks sufficient information to admit or deny the allegations of

Paragraph 19 of the Complaint and, therefore, denies the allegations.

20. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint and, therefore, denies the allegations.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff's relationship with it was that of an independent contractor. Defendant denies the remaining allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff was required to comply with certain of Defendant's policies and procedures. Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant admits that it has made capital investments in buildings, machines and other equipment. Defendant denies the remaining allegations of Paragraph 30 of the Complaint.

31. Defendant lacks sufficient information to admit or deny the allegation of Paragraph 31 of the Complaint and, therefore, denies the allegation.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant lacks sufficient information to admit or deny the allegation of Paragraph 38 of the Complaint regarding the vague, undefined term, "the pre-determined parameters" and, therefore, denies the allegation. Defendant denies the remaining allegations of Paragraph 38 of the Complaint.

39. Defendant lacks sufficient information to admit or deny the allegation of Paragraph 39 and, therefore, denies the allegation.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant admits that Plaintiff was engaged as an independent contractor. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 42 of the Complaint and, therefore, denies the allegations.

43. Defendant admits that Plaintiff was not employed by Defendant. Defendant denies the remaining allegations of Paragraph 43 of the Complaint.

44. Defendant admits that Plaintiff's relationship with it was that of an independent contractor. Defendant denies the remaining allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant admits that it paid a day rate for services performed by Plaintiff with no stated overtime premium. Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant lacks sufficient information to admit or deny the allegations of

Paragraph 48 of the Complaint and, therefore, denies the allegations.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

## VI.  FLSA Violations

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

## VII.  Collective Action Allegations

54. Defendant lacks sufficient information to admit or deny the allegations regarding what "employees" have "reported" and, therefore, denies the allegations.  Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55. Defendant lacks sufficient information to admit or deny the allegations regarding Plaintiff's "observations" and "discussions" and, therefore, denies the allegations.  Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56. Defendant admits that it paid a day rate for services performed by Plaintiff with no stated overtime premium. Defendant denies the remaining allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

## VIII.  Jury Demand

59. Defendant acknowledges Plaintiff has demanded a trial by jury.

## IX.  Relief Sought

60. To the extent Plaintiff's recital incorporates any allegations set forth in

Paragraphs 1–59 of the Complaint, Defendant repeats and incorporates its responses to Paragraphs 1–59 above. Defendant denies that Plaintiff or any putative class member who may join this case is entitled to any relief sought in the Complaint or any other relief.

Any and all allegations within the Complaint not expressly admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following defenses, affirmative and otherwise, without assuming any burden of proof other than that imposed by law:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Defendant did not employ Plaintiff or any other alleged putative class member under the FLSA or any other applicable law. Defendant engaged Plaintiff and all alleged putative class members described in the Complaint as independent contractors through their respective employing entities.

3. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 have not been and cannot be satisfied. This action should not be certified, conditionally, permanently, or otherwise, or maintained as a collective action. Such treatment is neither appropriate nor constitutional.  Without limiting the generality of the foregoing, Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, if allowed to be tried upon or with so-called representative evidence, would violate the procedural and substantive Due Process clauses of the state and federal Constitutions.

4. Plaintiff is not similarly situated with the alleged putative class members that Plaintiff seeks to represent, as required by 29 U.S.C. § 216, and the alleged putative class members as described in the Complaint are not similarly situated to each other.

5. Plaintiff's claims, and the claims of any alleged putative class member, are barred, in whole or in part, because Plaintiff has not sustained any injury or damages by reason of any act or omission of Defendant.

6. Pursuant to Section 13(a)(1) of the FLSA, Defendant is not liable to the extent Plaintiff and alleged members of the putative class meet the requirements for exempt status under the FLSA, as employed in a *bona fide* executive, administrative, or professional capacity or as employed in a position with a combination of such duties. Some or all of the alleged members of the putative class, including Plaintiff, meet, and have at all relevant times met, the requirements for exempt status.

7. Pursuant to Section 13(a)(1) of the FLSA, Defendant is not liable to the extent Plaintiff and some or all of the alleged members of the putative class meet the requirements for exempt status under the FLSA, as their total annualized compensation equals at least $100,000 and they customarily and regularly perform one or more of the exempt duties or responsibilities of an executive, administrative or professional employee.

8. Pursuant to Section 13(b)(1) of the FLSA, Plaintiff and any alleged putative class members are not subject to the overtime requirements of the FLSA to the extent that they are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935.

9. Plaintiff's claims, and the claims of any alleged putative class member, are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

10. Neither Plaintiff nor any alleged putative class member can recover overtime pay for time periods which fall within the "*de minimis*" exception. Any such time periods are insubstantial, insignificant, or, as a practice or administrative matter, could not have been

precisely recorded so that Plaintiff and other alleged putative class members are precluded from recovery.

11. To the extent the employing entity of Plaintiff or any alleged putative class member was paid overtime compensation beyond that to which Plaintiff or any other alleged putative class member was entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

12. Pursuant to 29 U.S.C. § 259, any failure to pay overtime wages, which is expressly denied, was made in good faith and in conformity with, and reliance on, Department of Labor guidance and applicable case law, administrative regulations, orders, rulings, approvals, interpretations, illustrated practices, and/or enforcement policies of the Wage and Hour Division of the United States Department of Labor or other applicable authority.

13. If Defendant failed to pay any required overtime wages, which is expressly denied, neither Plaintiff nor any alleged putative class member can demonstrate that such failure constituted a willful violation of the FLSA or any other law. Neither Plaintiff nor any alleged putative class member is entitled to any liquidated damages, and Defendant acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA. 29 U.S.C. § 260.

14. If any liability is associated with this action, which Defendant expressly denies, a two-year statute of limitations applies. 29 U.S.C. § 255. Defendant did not knowingly, willfully or with reckless disregard violate the FLSA with respect to Plaintiff or any alleged putative class member. Defendant's pay practices have been implemented in good faith and were not the subject of complaint by Plaintiff or any alleged putative class member.

15. Plaintiff's claims, and the claims of any alleged putative class member, are

barred, in whole or in part, by the two-year statute of limitations. 29 U.S.C. § 255(a).

16. If a three-year statute of limitations is held to apply, which Defendant expressly denies, Plaintiff's claims, and the claims of any alleged putative class member, are barred, in whole or in part, by the applicable three-year statute of limitations.

17. To the extent Plaintiff or any alleged putative class member agreed to resolve disputes with Defendant through arbitration, he or she is contractually bound to resolve his or her claims through final and binding arbitration and has waived the right to join a lawsuit in court or to a jury trial.

18. To the extent Plaintiff or any alleged putative class members agreed to resolve disputes with Defendant through individual arbitration, he or she has waived any right he or she may otherwise have to join or participate in a class, collective or consolidated action and must arbitrate his or her claims, if at all, on an individual basis.

19. Defendant reserves the right to assert any additional affirmative defenses, including those that may be discovered during the course of additional investigation and discovery.

## PRAYER

WHEREFORE, Defendant respectfully requests that Plaintiff and any alleged putative class members take nothing by this suit, that this action be dismissed, and that the Court award Defendant costs and such relief, general or special, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

VINSON & ELKINS, L.L.P.

*/s/ Vanessa Griffith*

VANESSA GRIFFITH
Texas State Bar No. 00790469
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: 214-220-7713
Facsimile: 214-999-7713
Email:  vgriffith@velaw.com

JIM THOMPSON
Texas State Bar No. 19918500
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone:  713.758.4502
Facsimile:   713.615.5765
email:  jthompson@velaw.com

EDWIN P. ARO
ARNOLD & PORTER KAYE SCHOLER
370 17th Street, Suite 4400
Denver, CO 80203
(303) 863-2380
Fax: (303) 832-0428
Email: ed.aro@apks.com

**ATTORNEYS FOR DEFENDANT
ANTERO RESOURCES CORPORATION**

11

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 12, 2017 a true and correct copy of the above and foregoing document was served on counsel for Plaintiff via the electronic filing system on all counsel of record.

                                 */s/ Vanessa Griffith*
                                 Attorney for Defendant